UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRUCE BIRCH,<br><br>  Plaintiff,<br><br>  v.<br><br>PAM DELPORTO, *et al.*,<br><br>  Defendants. | Case No. 3:19-cv-00325-MMD-WGC<br><br>ORDER |

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 by a person in the custody of the Nevada Department of Corrections. The Court previously screened and dismissed Plaintiff's First Amended Complaint with leave to amend some of the claims within 30 days. (ECF No. 12.) Plaintiff did not amend the Complaint within 30 days. After the 30-day period had elapsed, Plaintiff filed a motion for an extension of time to file a second amended complaint along with a declaration. (ECF Nos. 13, 14.)

Pursuant to Nevada Local Rule of Practice IA 6-1(a), a request for an extension of time made after the expiration of the specified period "will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." "[E]xcusable neglect" is an equitable question for the court, considering "all relevant circumstances surrounding the party's omission." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Courts use the following factors to determine whether a party's failure should be considered excusable neglect: the danger of prejudice to the other party; the length and impact of the delay on judicial proceedings; the reason for delay and whether it was reasonably within the party's control; and whether the party acted in good faith. *Id.*

Although the Court finds that the delay was short, the other factors weigh against Plaintiff. Plaintiff provides no valid reason for filing the request for an extension of time after the deadline. In his declaration, he accuses the Attorney General of engaging in retaliation in this action but states that he wants an extension of time to obtain a settlement with someone from the Attorney General's Office that will result in the expungement of his write-ups. (ECF No. 13 at 2-3.) A desire for a settlement did not preclude or excuse Plaintiff from timely filing a motion for an extension of time.[1] Furthermore, Plaintiff expresses his unhappiness with the type of access he has to legal resources and legal assistance in prison.[2] (*Id.* at 3, 4.) Again, none of this prevented Plaintiff from filing a timely motion for an extension of time.[3] The Court therefore finds no excusable neglect and denies the late motion for an extension of time.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint);

---

[1] A desire for a settlement also does not prevent Plaintiff from filing a timely amended complaint. Therefore, even if Plaintiff had filed his motion for an extension of time in a timely manner, the Court would have denied it.

[2] Plaintiff also requests that this Court require the District Court law library to work with Plaintiff. (ECF No. 13 at 4.) The Court will deny this request as moot. In any event, even if Plaintiff had filed the motion in a timely manner, the Court would have denied the request. The District Court libraries are not permitted to provide legal advice or legal research assistance. *See* United States District Court, District of Nevada General Order 2019-03.

[3] Furthermore, in the screening order, the Court provided Plaintiff with the relevant law necessary to cure the deficiencies in his First Amended Complaint. (ECF No. 12.) Therefore, Plaintiff's displeasure with the legal library and staff at the prison would not have been a valid basis for obtaining an extension of time to file a second amended complaint, and the Court would not have granted an extension of time on such a basis.

*Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring the disposition of cases on their merits—is greatly outweighed by the factors weighing in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey that court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint within 30 days expressly stated: "If Plaintiff does not file a timely second amended complaint curing the stated deficiencies of the first amended complaint, this action will be dismissed with prejudice." (ECF No. 12 at 17.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file a second amended complaint within 30 days.

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted. Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections will pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits in Plaintiff's account (Bruce Birch, # 61203), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of Court is directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of the Court is further directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, regardless of the success of Plaintiff's action, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

It is further ordered that the motion for an extension of time to file a second amended complaint (ECF No. 14) is denied.

It is further ordered that Plaintiff's request that the Court instruct the District Court library to work with Plaintiff (ECF No. 13 at 4) is denied.

It is further ordered that Plaintiff's pending motions (ECF Nos. 10, 11) are denied as moot.

It is further ordered that this action is dismissed with prejudice for failure to state a claim.

///

///

///

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 6th day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE